LEVERING, APPELLANT, *v.* RIVERSIDE METHODIST HOSPITAL, APPELLEE.

(No. 81AP-374—Decided July 14, 1981.)

*Michael F. Colley Co., L.P.A., Mr. Jerry L. Maloon* and *Mr. Frank A. Ray,* for plaintiff-appellant.

*Messrs. Bricker & Eckler, Mr. John F. Birath, Jr.* and *Ms. Elizabeth A. Squeglia,* for defendant-appellee.

MCCORMAC, J. Counsel, who had been employed by Vivian S. Levering during her lifetime to bring an action against Riverside Methodist Hospital for their negligence in treatment of her, filed a complaint in Franklin County Common Pleas Court on May 2, 1980, seeking damages for that alleged negligence. Vivian S. Levering was named as the only plaintiff, although, unknown to counsel, Vivian S. Levering had died on October 25, 1979.

On January 14, 1981, counsel who filed the complaint suggested upon the record the death of Vivian S. Levering which was alleged to have become known to him on October 15, 1980. Apparently prior to that time, neither counsel for plaintiff nor defendant were aware of her death.

On January 26, 1981, defendant moved for summary judgment on the basis that no action had been properly commenced pursuant to Civ. R. 3(A) because plaintiff was deceased at the time the complaint was filed.

The trial court granted summary judgment holding that the action was not properly commenced because there was no party-plaintiff existing at the time of the filing of the complaint and there could not be a substitution of plaintiff by amendment.

Plaintiff has appealed, asserting that the trial court erred in sustaining defendant's motion for summary judgment and in not permitting the action to continue by substitution of the party succeeding to Vivian Levering's claim upon her death, said substitution to be made pursuant to Civ. R. 25(E), and to relate back to the time of the filing of the complaint pursuant to Civ. R. 15(C).

The issue is whether an action has been commenced pursuant to Civ. R. 3(A) when a complaint is filed with the sole plaintiff being deceased at the time of the filing of the complaint.

In *Barnhart v. Schultz* (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142], plaintiffs filed a complaint against a defendant who was deceased at the time the complaint was filed. Personal service was attempted and returned, indicating that defendant had died. Three days later plaintiffs filed an amended complaint changing the name of the defendant to the executor of her estate. The latter amendment took place after the limitations period had expired. The Supreme Court held in paragraph one of the syllabus, as follows:

"A timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed has neither met the requirements of the applicable statute of limitations nor commenced an action pursuant to Civ. R. 3(A)."

In *Barnhart, supra,* the Supreme Court, at page 61, stated that " 'one deceased cannot be a party to an action,' " and "a suit brought against a

dead person is a nullity." The court rejected the contention that Civ. R. 15(C), providing for relation back of amendments to an original complaint, was applicable finding that, since the complaint was not filed against an existing party, there was nothing to amend.

Plaintiff seeks to distinguish *Barnhart* on the basis that *Barnhart* involved a deceased defendant and this case involves a deceased plaintiff. However, that distinction is without merit. The complaint filed in *Barnhart* was a nullity because there was no party-defendant, the named defendant having been deceased prior to the filing of the complaint. Similarly, the complaint in this case was a nullity because there was no party-plaintiff, the named plaintiff having been deceased prior to the filing of the complaint.

Civ. R. 3(A) pertains to the filing of a complaint. A complaint for personal injury requires a plaintiff and a defendant. There was only a defendant; hence, the complaint was a nullity and not a pleading. Civ. R. 15, which pertains to amendments of pleadings, does not apply.

Plaintiff also relied upon Civ. R. 25 for a claimed right of substitution of the party-plaintiff. However, Civ. R. 25(A), entitled "[s]ubstitution of parties," allows substitution upon death only "[i]f a party dies * * *." Suggestion of death is applicable pursuant to Civ. R. 25(E) only "[u]pon the death * * * of a party * * *." A dead person cannot be a party, either plaintiff or defendant. Since there was no party-plaintiff from the inception, Civ. R. 25 does not apply.

Plaintiff's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.