OPINION
{¶ 1} Plaintiff-Appellant the Estate of Betty Newland ("the Estate") appeals from the June 27, 2007 Judgment Entry of the Court of Common Pleas, Allen County, Ohio finding St. Rita's Medical Center's ("St. Rita") motion to dismiss to be well taken.
 {¶ 2} This matter stems from care Betty Newland ("Betty") received from St. Rita's commencing prior to March 3, 2005. The Estate contends that the care Betty received fell below acceptable standards of medical care and treatment, nursing care and treatment and that St. Rita's was negligent. Betty subsequently died on March 5, 2006.
 {¶ 3} A Complaint was filed against St. Rita's on May 11, 2006 with Mark Newland, Power of Attorney for Betty J. Newland as the named plaintiff. It appears from the record that plaintiff's counsel was unaware that Betty Newland had died prior to the filing of this complaint. St. Rita's filed an answer on June 9, 2006.
 {¶ 4} On May 18, 2007 a telephone pre-trial conference was held. During this conference, plaintiffs counsel apparently first learned of Betty Newland's *Page 3 
death over one year prior. Upon discovery that Betty Newland was deceased, the trial court made the following order:
 The deadline for plaintiff to move to amend the complaint or for the defendant to move to dismiss the case is Friday, June 15, 2007. If a motion is filed, the opposing party shall have fourteen (14) days to respond.
Pretrial Order, May 18, 2007.
 {¶ 5} On June 12, 2007 St. Rita's filed a Motion to Dismiss arguing that there was not a properly named plaintiff to the action, as Betty had died prior to the filing of the claim but was still the named plaintiff; or in the alternative that the medical claim was unsubstantiated by an affidavit of merit.
 {¶ 6} On June 15, 2007 an amended complaint was filed changing the named plaintiff to the Estate of Betty J. Newland. We note that original plaintiff Mark Newland P.O.A. for Betty Newland never sought the required leave to amend the complaint as instructed by the trial court and continued to file responses to the trial court in the name of the original plaintiff.
 {¶ 7} Various motions and memoranda were filed in response to the motion to dismiss. On June 27, 2007 the trial court granted St. Rita's motion to dismiss finding the following:
 1. R.C. 2125.02 provides that "an action for wrongful death shall be brought in the name of the personal representative of the decedent. . ." [Emphasis added] There is no indication in either the original or amend complaint that this action is brought by the personal *Page 4 representative of the decedent's estate. The amended complaint names the "Estate of Betty J. Newland" as the plaintiff and does not allege who the personal representative is.
 2. Plaintiff did not comply with Civ. R. 10(D)(2). The affidavit of Nurse Kiener does not include "a statement that the affiant is familiar with the applicable standard of care," as required by Civ. R. 10(D)(2)(a)(ii).
 3. The Nursing Home Bill of Rights is inapplicable.
 4. Plaintiff's references to "Rachael Stephenson", "Elsie Walden" and "the first action" are either careless typographical errors and/or irrelevant.
 For these reasons, the motion to dismiss is well taken and this action is dismissed, at plaintiff's costs.[1]
 {¶ 8} The Estate now appeals, asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DISMISSED THE PLAINTIFF'S COMPLAINT BECAUSE MARK NEWLAND'S APPOINTMENT AS ADMINISTRATOR OF THE ESTATE OF BETTY NEWLAND ON JUNE 15, 2007 RELATES BACK TO THE DATE THE FIRST CASE WAS FILED.
 {¶ 9} The Estate argues in its assignment of error that the trial court erred in dismissing its complaint.[2] More specifically, the Estate contends that because *Page 5 
the mere substitution of a personal representative of Betty Newland would establish a proper plaintiff for the complaint, the dismissal was, in essence, unduly harsh and therefore in error. Moreover, the Estate argues that the amended complaint, once corrected, would allow the cause of action to relate back to the initial filing date of the original complaint, curing any problems with the statute of limitations.
 {¶ 10} This Court reviews a trial court adjudication of a motion to dismiss under an abuse of discretion standard. See Quonset Hut, Inc. v.Ford Motor Co. (1997), 80 Ohio St.3d 46, 684 N.E.2d 319. An abuse of discretion connotes more than a mere error of judgment; it implies that the trial court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} With respect to who may properly file a wrongful death action R.C. 2125.02 provides:
 (A)(1) Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent. A parent who abandoned a minor child who is the decedent shall not receive a benefit in a civil action for wrongful death brought under this division. *Page 6 
 {¶ 12} Thus, R.C. 2125.02 requires that a wrongful death action be brought in the name of a personal representative of the decedent's estate. This party need not be a real party in interest to the litigation and may merely be a nominal party. Yardley v. W. OhioConference of the United Methodist Church, Inc. (2000),138 Ohio App.3d 872, 742 N.E.2d 723. Moreover, R.C. 2125.02 has been interpreted to mandate that "a wrongful death action arising under R.C. Chapter 2125must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate." Ramsey v. Neiman (1994), 69 Ohio St.3d 508, 512,634 N.E.2d 211, 213-214, 1994-Ohio-359 (emphasis added). Therefore, the amended complaint, in this case, filed under the "Estate of Betty Newland," still does not name a proper plaintiff to an R.C. 2125.02 action because it does not name a "personal representative of the decedent."
 {¶ 13} The trial court also dismissed the Estate's complaint based on the Estate's failure to comply with Civ. R. 10(D)(2). Specifically, the trial court found that "the affidavit of Nurse Kiener does not include "a statement that the affiant is familiar with the applicable standard of care," as required by Civ. R. 10(D)(2)(a)(ii)."
 {¶ 14} Civ. R. 10(D)(2)(a) requires that the following be included in an affidavit of merit accompanying a medical claim: *Page 7 
 (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 (ii) A statement that the affiant is familiar with the applicable standard of care;
 (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
We note that Nurse Kiener's affidavit, attached to both the original and amended complaints, did not include a statement that she was familiar with the applicable standard of care. Moreover, we note that this defect was not corrected when the amended complaint was filed.
 {¶ 15} This Court is aware that the failure to properly file an affidavit pursuant to Civ. R. 10(D) is, ordinarily, not alone a sufficient ground for dismissal. See Fletcher v. Univ. Hosps. ofCleveland, 172 Ohio App.3d 153, 873 N.E.2d 365, 2007-Ohio-2778. Typically, the proper remedy is for the defendant to move for a more definite statement. Nevertheless, in the case sub judice, we believe that the trial court would not be precluded from considering the lack of a proper affidavit as one additional factor in support of dismissal, when coupled with the two previous failures to name a proper plaintiff, and the overall procedural history of this case.
 {¶ 16} We also note that, although not specified as a basis for the trial court's ruling on the motion to dismiss, the complaint and the amended complaint are also vulnerable to dismissal under Civ. R. 12(B)(6). Civil R. 12(B)(6) provides *Page 8 
for dismissal where the complaint fails "to state a claim on which relief can be granted." The first affirmative defense raised in St. Rita's answer to the original complaint was under 12(b)(6).
 {¶ 17} The original claim brought by Mark Newland, POA, Betty Newland appeared to be a medical claim pursuant to R.C. 2305.113. However, from the allegations of the original complaint and the amended complaint, it is not clear how long Betty Newland received care from St. Rita's, what care she received, or more importantly, why such care was allegedly negligent. Moreover, we note that March 3, 2005 is the only date we have to consider for purposes of calculating the running of the statute of limitations, although the precise significance of that date is not entirely clear.
 {¶ 18} When the amended complaint was filed, nothing was changed in the allegations of the original complaint, other than the caption. However, once the party was changed, the claim would become either a wrongful death claim or a survivorship action. Neither of these possible grounds for relief were addressed in the amended complaint. Instead, the complaint remained unchanged, alleging only a vague medical claim. Therefore, even if properly amended to name a valid plaintiff, the complaint could still be vulnerable to dismissal and/or further amendment under St. Rita's Civ. R. 12(B)(6) assertion in its answer. *Page 9 
 {¶ 19} Finally, while the trial court did not appear to specifically warn plaintiff of dismissal at any point in the proceedings, we note that in its first pre-trial order, set forth earlier, the trial court clearly apprised plaintiff of the possibility of dismissal when the court provided a deadline of June 15, 2007 "for plaintiff to move to amend the complaint or for the defendant to move to dismiss the case." For all of these reasons, although perhaps a harsh result, we cannot find that the trial court abused its discretion in dismissing the Estate's case.
 {¶ 20} Next, we turn to the Estate's pending motion before this Court requesting a second remand to the trial court.[3] In its motion, the Estate asks this Court to remand this case to the trial court for consideration of a Civ. R. 60(B) motion filed in the trial court on October 5, 2007 under Civ. R. 60(B)(1) and (5). Civ. R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (5) any other reason justifying relief from the judgment.
 {¶ 21} The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful that cases should be decided on their merits, where possible, rather than procedural grounds.Id. citing Griffey v. Rajan (1987), *Page 10 33 Ohio St.3d 75, 79-81, 514 N.E.2d 1122. We note, however, that whether or not we grant the remand, the trial court will eventually regain jurisdiction over the Estate's pending Civ. R. 60(B) motion.
 {¶ 22} More importantly, even though this Court agrees that, if possible, cases should be decided on the merits, if we were to grant a remand to the trial court it appears as though, under the weight of authority, the Estate would be unable to defeat the statute of limitations for filing this action. See Levering v. Riverside MethodistHosp. (1981), 2 Ohio App.3d 157, 441 N.E.2d 290 (A complaint filed in the name of a deceased "was a nullity because there was no party-plaintiff, the named plaintiff having been deceased prior to the filing of the complaint." Because the original complaint was a nullity, an amended complaint could not relate back through the original complaint to the filing date of the original claim); Simms v. AllianceCommunity Hospital, 5th Dist. No. 2007-CA-00225,2008-Ohio-847. Specifically, these cases suggest that the filing date of any new amended complaint in this case would not relate back to the filing date of the original complaint because the original complaint was brought in the name of Betty Newland, who was deceased at the time of filing, and the complaint therefore has remained a nullity from its inception. *Page 11 
 {¶ 23} For these reasons we have overruled via separate Judgment Entry, the Estate's Motion for a Second Order of Remand.
 {¶ 24} For all of these reasons, the Estate's sole assignment of error is overruled and the June 27, 2007 Judgment Entry of the Court of Common Pleas, Allen County, Ohio dismissing the case is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] Based upon the trial court's determination in its judgment entry that the "Estate of Betty J. Newland" is not a proper plaintiff, the trial court appeared to consider the Amended Complaint without issue as to the failure of plaintiff to seek leave to amend.
[2] The dismissal operates as a final appealable order because the statute of limitations has run on the Estate's claims. There is a two year statute of limitations on wrongful death claims. R.C.2125.02(D)(1). Moreover, there was a one year statute of limitations on the original action, brought as a medical claim pursuant to R.C.2305.113.
[3] We note that on October 24, 2007 a special remand was granted to allow the trial court to address the Estate's pending motion for relief from judgment pursuant to Civ. R. 60(B). On January 30, 2008 this court sua sponte vacated the remand as no action had been taken pursuant to the remand for three months. *Page 1