DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of River's Bend Health Care and River's Bend Health Care, L.L.C. (collectively "River's Bend"), defendants below and appellees herein, on the claims brought against them by Marian C. Whitley and Patricia A. Mazzella, individually and as co-administrators of the Estate of Ethel V. Christian, plaintiffs below and appellants herein. *Page 2 
 {¶ 2} Appellants assign the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "BECAUSE THE SUBSTITUTION OF AN ESTATE FOR A DECEASED PARTY PLAINTIFF RELATES BACK TO THE FILING OF THE COMPLAINT, THE TRIAL COURT ERRED BY FINDING THAT THE ORIGINAL COMPLAINT WAS NOT FILED BY AN ENTITY WITH AUTHORITY TO ACT FOR APPELLANT'S [sic] DECEDENT."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT WAS INCORRECT TO FIND THE ORIGINAL ACTION IMPROPERLY COMMENCED BECAUSE THE NURSING HOME BILL OF RIGHTS, AT R.C. 3721.17(I)(1)(b)(ii) PERMITS THE ADULT CHILD OF AN AGGRIEVED NURSING HOME RESIDENT TO BRING SUIT."
 {¶ 3} On May 19, 2003, Marcella Christian was appointed guardian of her eighty-three (83) year old mother, Ethel Christian. Ethel was admitted to River's Bend in February 2004, and experienced a fall two months later. The same day as the fall, she was removed from the facility. Ethel died on February 7, 2005.
 {¶ 4} After Ethel's death, her guardian filed suit on her behalf on April 15, 2005 and alleged negligence on the part of River's Bend and ten of its employees.[1] Appellants, who had been previously appointed co-administrators of their mother's estate, were substituted as party defendants on June 8, 2005. On May 6, 2006, the case was dismissed without prejudice.[2] *Page 3 
 {¶ 5} The action was refiled on February 27, 2007 and appellees denied liability. On July 5, 2007, appellees moved for summary judgment and argued that the action was filed beyond the one year limitations period. In particular, appellees asserted that the original action was not properly filed because Ethel Christian was deceased at the time and administrators had been appointed for the estate, and, thus, her guardian had no authority to act on Ethel's behalf. Thus, appellees concluded, the "savings statute" did not apply to this case and they were entitled to judgment. Appellants, however, argued that their substitution as party plaintiffs in the original action relates back to the date the first action was filed. The trial court issued a "judgment entry" and determined that the statute of limitations had expired before the substitution of parties was completed. Thus, the court concluded, appellees' "motion for summary judgment is granted." This appeal followed.
 {¶ 6} Before we address the merits of the assignments of error, we must first resolve a threshold jurisdictional issue. Appellate courts have jurisdiction over final appealable orders. See Section 3(B)(2), Article IV, Ohio Constitution. If an order is not "final," we have no jurisdiction to review it and the appeal must be dismissed. Davison v.Reni (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. CreditAssn. v. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360;Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 7} Generally, final appealable order issues involve one of seven categories in R.C. 2505.02(B). Here, however, we need not engage in that analysis because we do not believe that the trial court's August 3, 2007 entry constitutes a "judgment." Rather, this document appears to be a "decision" and is not a final, appealable, order. *Page 4 
See generally Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 534,706 N.E.2d 825, at fn. 4; Harding v. Harding (Dec. 8, 1992), Ross App. No. 1865.
 {¶ 8} To terminate an action, a judgment must contain a statement of the relief afforded. See Blankenship v. Blankenship, Hocking App. No. 02CA18, 2003-Ohio-4551, at T|27; White v. White, Gallia App. No. 01CA12, 2002-Ohio-6304, at]}15; Yahraus v. Circleville (Dec. 15, 2000), Pickaway App. No. 00CA04. However, a purported judgment that does not specify the relief being granted does not terminate the action and does not constitute a final appealable order. Harkai v. Scherba Industries
(2000), 136 Ohio App.3d 211, 221, 736 N.E.2d 101; Wellborn v. K-BeckFurn. Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 375 N.E.2d 61; King v.Kelly, Lawrence App. No. 01CA33, 2002-Ohio-4647, at]}12.
 {¶ 9} In the case sub judice, the purported August 3, 2007 "judgment entry" does not enter judgment and does not terminate the case. Rather, the entry states that "Defendant's motion for summary judgment is granted." This, however, is insufficient to terminate the case or any constituent part of the case. Absent a formal dismissal of the complaint, the trial court could, in fact, choose to ignore its earlier decision and proceed with the case in a different manner.
 {¶ 10} Accordingly, because the case has not yet been terminated, we have no final order and no jurisdiction to conduct a review of this matter. The instant appeal is hereby dismissed.
 APPEAL DISMISSED.[3] *Page 5 
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] Although the record is unclear as to why the suit was filed by Ethel, through her guardian, appellants' brief alleges it was because Marcella Christian never informed counsel of her ward's death. Marcella Christian is, apparently, now deceased.
[2] It is unclear why the case was dismissed.
[3] After a judgment terminates this case, a new appeal may be filed and, if the parties so choose, we may consider the appeal on the basis of the briefs filed herein. *Page 1