Judgment reversed<br>and cause remanded.

WALSH, P.J. and POWELL, J., concur.

LOVETT, Appellant,

v.

CARLISLE et al., Appellees.

[Cite as Lovett v. Carlisle, 179 Ohio App.3d 182, 2008-Ohio-5852.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 07CA19.

Decided Nov. 3, 2008.

John W. Slagle, for appellant.

Rocky A. Coss, for appellees.

KLINE, Judge.

{¶ 1} Darlene Lovett appeals the judgment of the Highland County Common Pleas Court dismissing her complaint for foreclosure against Joyce Moon Carlisle, Connie Kinzer Johnson, Norma Moon Davis, and Joyce Moon Carlisle, as executor of the estate of Norman Moon (collectively, "owners") who together own a home in Hillsboro. Lovett alleged in her complaint that she filed a notice of a mechanics lien after she remodeled the home with the owners' consent. The

court granted the owners' motion to dismiss at the conclusion of Lovett's case-in-chief. On appeal, Lovett contends that the trial court erred when it dismissed her case at the close of her case-in-chief because she presented a prima facie case for her claims of quantum meruit and unjust enrichment. Because Lovett wrongly assumes that the trial court applied the wrong standard to the owners' motion to dismiss, i.e., she claims that the court should have applied Civ.R. 12 instead of Civ.R. 41(B)(2), we disagree and find that the trial court applied the right standard. Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} Lovett's four cousins were the owners of the home in question. She described herself as "best friends" with one of the owners, Norman Moon, who lived in the home. Lovett knew that Norman was ill and unable to clean the home. She testified that she and others cleaned the first floor of the home so that Norman could leave the hospital and come back to the home. She said that they hauled about 90 bags of trash out of the home. She stated that it was a labor of love.

{¶ 3} Lovett further testified that she assumed, based on her conversations with a couple of the owners, that she could buy the property for a sum certain. As a result, she and her family began to work to improve it. For example, she stated that they painted the downstairs bedroom and bathroom and worked upstairs on the second floor.

{¶ 4} Norman passed away. Lovett then discovered that she could not buy the property because the asking price was higher than she expected. She placed a mechanic's lien on the owners' property. Lovett then filed her complaint against the owners.

{¶ 5} In her complaint, Lovett asked the court to foreclose on her mechanic's lien and award her the funds she had expended in improving the home, unjust enrichment, and quantum meruit. Prior to trial, the court granted the owners' motion for summary judgment as it related to the mechanic's lien.

{¶ 6} At trial, after Lovett presented her case-in-chief, the owners moved the court to dismiss the remainder of the case. The court continued the case to allow the parties to submit memoranda. The owners reduced their motion to dismiss to writing and asked the court to dismiss the case applying Civ.R. 41(B)(2). The trial court eventually dismissed the case after applying the standard in Civ.R. 41(B)(2).

{¶ 7} Lovett appeals and asserts the following two assignments of error: (I.) "The trial court erred to the detriment of [Lovett] by improperly dismissing her entire case following its presentation specifically including her claims for quan-

tum meruit and unjust enrichment." (II.) "The trial court erred to the detriment of [Lovett] by improperly dismissing [her] complaint, at the close of her evidence upon a 'Motion to Dismiss' which is a procedural vehicle governed by Rule 12 of the Ohio Rules of Civil Procedure."

## II

{¶ 8} We jointly address Lovett's assignments of error. Lovett contends that the trial court erred when it dismissed her case because it applied the wrong legal standard. Lovett asserts that the court should have applied Civ.R. 12, instead of Civ.R. 41(B)(2), to the owners' motion to dismiss. Lovett cites *Margulies v. Guardian Life Ins. Co. of Am.*, Cuyahoga App. No. 81737, 2003-Ohio-1959, 2003 WL 1903437, and she claims that the trial court should have treated the motion to dismiss under Civ.R. 12.

{¶ 9} *Margulies* involved a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), which provides, "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

{¶ 10} A dismissal for failure to state a claim upon which relief can be granted is a question of law that we review de novo. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 523, 668 N.E.2d 889. In determining whether a complaint states a claim upon which relief may be granted, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5; *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. However, unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss. *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11; *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

{¶ 11} Here, Lovett claims that the trial court should have applied the above standard. She asserts that under this standard, the court would not have granted the owners' motion to dismiss because she presented a prima facie case for each of her causes of action.

{¶ 12} However, as the Civ.R. 12(B)(6) standard plainly indicates, the rule applies to just the complaint ("In determining whether a complaint states a claim * * * "). The owners, by bringing their motion to dismiss after Lovett's case-in-chief, did not ask the court to consider just the complaint. Instead, the owners asked the court to consider all the evidence Lovett presented.

{¶ 13} "A Civ.R. 41(B)(2) dismissal is used in non-jury actions and requires the trial court and reviewing court to apply different tests." *Warwick v. Warwick* (Feb. 25, 2000), Ross App. No. 98CA2403, 2000 WL 228608, citing *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 48, 13 O.O.3d 347, 409 N.E.2d 258.

{¶ 14} Civ.R. 41(B)(2) provides, "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party."

{¶ 15} Thus, the rule specifically provides that the trial court may consider both the law and the facts. Under the rule, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by a preponderance of the evidence. *L.W. Shoemaker, M.D., Inc. v. Connor* (1992), 81 Ohio App.3d 748, 612 N.E.2d 369; *Harris v. Cincinnati* (1992), 79 Ohio App.3d 163, 607 N.E.2d 15; *Cent. Motors Corp.*, 63 Ohio App.2d 34, 13 O.O.3d 347, 409 N.E.2d 258. "Because the court is not required to view the evidence in the light most favorable to the plaintiff, even if the plaintiff has presented a prima facie case, dismissal may still be appropriate." *Fenley v. Athens Cty. Genealogical Chapter* (May 28, 1998), Athens App. No. 97CA36, 1998 WL 295496, *3. "Thus, where the trial court weighs the evidence and determines that a preponderance of the evidence makes it clear that [the] plaintiff will not prevail, the motion may be granted." See *Fenley* at *3, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(4), at 41–177. However, if, in weighing the evidence, "the trial judge finds that the plaintiff has proven the relevant facts by the

necessary quantum of proof, the motion must be denied and the defendant required to put on evidence." *Fenley* at *3, citing *Cent. Motors Corp.*, 63 Ohio App.2d at 49, 13 O.O.3d 347, 409 N.E.2d 258.

{¶ 16} "On appellate review, to the extent that the trial court's determination rests on findings of fact," we must not disturb the findings "unless they are against the manifest weight of the evidence." *Fenley* at *3. We will not reverse a finding of fact as against the manifest weight of the evidence if some competent, credible evidence supports the trial court's finding. *Sec. Pacific Natl. Bank v. Roulette* (1986), 24 Ohio St.3d 17, 20, 24 OBR 14, 492 N.E.2d 438. However, the application of legal standards to such findings is reviewable de novo as mixed questions of law and fact. *Shoemaker*; *Fenley* at *3, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(1), at 41–166.

{¶ 17} Here, we find that the trial court properly applied Civ.R. 41(B)(2). However, Lovett's entire argument is based on the faulty premise that the trial court used the wrong standard.

{¶ 18} Accordingly, we overrule Lovett's two assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

ABELE, P.J., and MCFARLAND, J., concur.