WHITLEY et al., Admrs., Appellants,

v.

RIVER'S BEND HEALTH CARE et al., Appellees.

[Cite as *Whitley v. River's Bend Health Care,* 183 Ohio App.3d 145, 2009-Ohio-3366.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 08CA30.

Decided June 30, 2009.

Elk & Elk Co., Ltd., Phillip A. Kuri, and Peter D. Traska, for appellants.

Buckingham, Doolittle & Burroughs, L.L.P., Dirk E. Riemenschneider, and Timothy A. Spirko, for appellees.

ABELE, Judge.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of River's Bend Health Care ("River's Bend"), defendant below and appellee herein, on claims brought against it by Marian C. Whitley and Patricia A. Mazzella, individually and as co-administrators of the estate of Ethel V. Christian, plaintiffs below and appellants herein. We affirm the trial court's judgment.[1]

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

Because the substitution of an estate for a deceased party plaintiff relates back to the filing of the complaint, the trial court erred by finding that the

---

1. {¶ a} The dissent asserts that we should extend the holding in *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, to the case sub judice and, in doing so, argues that we have (1) based our reasoning on two cases that are no longer good law and (2) misinterpreted the pertinent issue in this case as one in agency rather than procedure. We disagree with each point.

{¶ b} First, although the dissent does not discuss *Simms v. Alliance Community Hosp.*, Stark App. No. 2007–CA–00225, 2008-Ohio-847, 2008 WL 555362, and *Estate of Newland v. St. Rita's Med. Ctr.*, Allen App. No. 1–07–53, 2008-Ohio-1342, 2008 WL 755308, it does argue that those cases are based on another case, which was based on still another case, which has been overruled. We are aware that *Simms* and *Estate of Newland* cite *Levering v. Riverside Methodist Hosp.* (1981), 2 Ohio App.3d 157, 2 OBR 173, 441 N.E.2d 290, and that *Levering* cites *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 7 O.O.3d 142, 372 N.E.2d 589, which, of course, was overruled in *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, at the syllabus. However, merely because *Barnhart* was overruled does not necessarily mean that *Levering* is bad law, nor does it mean that *Simms* and *Estate of Newland* are bad law for relying on *Levering*. We point out that the Fifth District in *Simms*, 2008-Ohio-847, 2008 WL 555362, at ¶ 20–22, expressly considered the effect on *Levering* of *Barnhart* being overruled, but concluded that the reasoning in *Levering* is still sound. Although *Estate of Newland* does not discuss the foundational underpinnings of *Levering*, we certainly believe that the Third District was aware that *Levering* is based on *Barnhart* and that *Baker* overruled

original complaint was not filed by an entity with authority to act for appellant's [sic] decedent.

SECOND ASSIGNMENT OF ERROR:

The trial court was incorrect to find the original action improperly commenced because the Nursing Home Bill of Rights at R.C. 3721.17(I)(1)(b)(ii) permits the adult child of an aggrieved nursing home resident to bring suit.

{¶ 3} On May 19, 2003, the Circuit Court of Cabell County, West Virginia, appointed Marcella Christian to act as guardian for her mother, Ethel V. Christian. Marcella placed her mother in the River's Bend nursing facility between February 11, 2004, and April 25, 2004, during which time her mother allegedly fell and sustained injuries. Ethel died on February 7, 2005.

{¶ 4} On April 15, 2005, Marcella commenced an action on behalf of her ward (case No. 05PI309) and alleged that River's Bend and ten unnamed employees provided negligent care for the decedent and inflicted pain, suffering, and loss of enjoyment of life. The complaint requested compensatory and punitive damages. A June 8, 2005 entry substituted the estate of Ethel V. Christian as plaintiff to replace the decedent and guardian. On March 6, 2006, the case was voluntarily dismissed.

{¶ 5} Appellants commenced the instant action on February 27, 2007, as a refiling of case No. 05PI309. Appellees denied liability and asserted a variety of

*Barnhart.* We also agree with these two courts that the principles remain sound, and the dissent cites no authority to support its position that *Baker* should be extended to situations in which we have a nonexistent plaintiff.

{¶ c} This brings us to the dissent's other argument. Although the dissent finds no reason why the principles in *Baker* should not apply to a deceased plaintiff, we believe that one good reason is that the plaintiff here simply did not exist. In other words, in *Baker* an existing plaintiff could commence an action even if he named the wrong defendant. That is not the case here. Here, the ward died, and the guardianship ceased to exist. We recognize that a complaint was filed within the statute of limitations, but we do not equate "filing a complaint" with "commencing an action," as the dissent appears to do. Here, no existing plaintiff filed the first case, and we cannot get around that fact.

{¶ d} To reach its conclusion, the dissent must find that a guardianship *extends* beyond the death of the ward. This contradicts well-settled law that a guardianship terminates at death. *Simpson v. Holmes* (1922), 106 Ohio St. 437, 140 N.E. 395, at paragraph one of the syllabus; *Sommers v. Boyd* (1891), 48 Ohio St. 648, 29 N.E. 497, at paragraph one of the syllabus. It is not entirely clear whether the dissent desires to stray from rulings that the Supreme Court has issued, but we point out that (1) we are bound by Ohio Supreme Court syllabi and only the Supreme Court should make exceptions to them and (2) the principles expressed in *Simpson* and *Sommers* are sound to begin with. If we held that a guardian may commence an action for a ward after the death of the ward, where do we go from there? Can a corporation that has yet to be incorporated also bring a lawsuit? Can a partner to a dissolved partnership bring a lawsuit on behalf of the nonexistent partnership and thereby determine the rights of fellow partners? Without further guidance from the Ohio Supreme Court, we are reluctant to cross that divide.

defenses. On July 5, 2007, River's Bend requested summary judgment and argued that appellants filed the case after the R.C. 2305.113 one-year statute of limitations had expired.[2] River's Bend asserted that the prior case (case No. 05PI309) was filed after the decedent's death, thus after the time that the guardian lost her legal standing or authority to prosecute an action on the decedent's behalf. Appellants countered that a substitution of the co-administrators of the estate occurred in place of the guardian and that the refiling of the case fell within the allowable time frame of Ohio's "savings statute." [3]

{¶ 6} The trial court agreed that the statute of limitations had expired, but did so because the decedent's "last date of treatment" was April 25, 2004, and the estate was not substituted as a party until June 8, 2005—over one year later. The motion for summary judgment of River's Bend was thus granted. Appellants appealed to this court, but we dismissed the appeal for lack of jurisdiction because the summary judgment neither terminated a claim nor dismissed a party defendant. See *Whitley v. River's Bend Health Care*, Lawrence App. No. 07CA25, 2008-Ohio-3098.

{¶ 7} On August 21, 2008, the trial court issued a second entry and terminated the entire action. This time, with regard to River's Bend, the court reasoned that an action brought by a guardian after the ward's death is a "nullity" and, thus, the case sub judice was outside the statute of limitations and not preserved under the "savings statute." With regard to the individual executors, in a motion for reconsideration, they raised the issue that the "Nursing Home Patient Bill of Rights" gives the adult children of a nursing-home resident an independent right to file suit. Because the guardian was the adult daughter of her ward, appellants reasoned, she had a right to commence an action on her own without regard to any limitations period. The trial court rejected that argument, however, and ruled that it was first necessary to show that the estate's legal representatives could not bring an action and that no such showing was made. Summary judgment against appellants was thus entered on all claims. This appeal followed.

I

{¶ 8} Before we address the merits of the assignments of error, we first outline our standard of review. This case comes to us by way of summary judgment.

---

2. R.C. 2305.113(A) states that a medical claim shall be commenced within one year after the cause of action accrues.

3. R.C. 2305.19(A) allows a medical claim to be refiled outside a limitations period, so long as the original claim was brought within the limitations period and the claim is resolved "otherwise than upon the merits" (e.g., a Civ.R. 41 voluntary dismissal).

Appellate courts review summary judgments de novo. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327. In other words, appellate courts afford no deference to trial court decisions, *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514–515, 648 N.E.2d 1375. Instead, appellate courts conduct an independent review to determine whether summary judgment is appropriate. *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶ 9} Summary judgment under Civ.R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the nonmovant, reasonable minds can come to one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201. The moving party bears the initial burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If that burden is met, the onus shifts to the nonmoving party to provide rebuttal evidentiary materials. See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distribs., Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.

{¶ 10} In the case sub judice, there is no factual dispute between the parties. Rather, at issue is the application of the law to those facts. We review a trial court's application of the law de novo as well. See, e.g., *Lovett v. Carlisle*, 179 Ohio App.3d 182, 2008-Ohio-5852, 901 N.E.2d 255, ¶ 16. With these principles in mind, we turn to the merits of the assignments of error.

## II

■ {¶ 11} In their first assignment of error, appellants assert that the trial court erred in ruling that the June 8, 2005 substitution of the decedent's estate as the party in interest (case No. 05PI309) in place of the guardian related back to the filing of the complaint. We disagree.

{¶ 12} To fully understand the procedural issue involved, we begin our analysis with *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 7 O.O.3d 142, 372 N.E.2d 589, wherein the Ohio Supreme Court affirmed a summary judgment for the administrator of an estate substituted into a lawsuit in place of his decedent. The Ohio Supreme Court noted that the decedent died before the complaint against her was filed and that parties to a lawsuit must "actually or legally" exist in order to have the capacity to be sued. In ruling that the action was, in essence, a nullity,

the court held that the substitution of the administrator for the decedent did not preserve the action for purposes of the limitations period as "there [was] nothing to amend." Id. at 61–62, 7 O.O.3d 142, 372 N.E.2d 589.

{¶ 13} The Ohio Supreme Court subsequently overruled *Barnhart* in *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, at the syllabus. Reasoning that the naming of a decedent, rather than a decedent's estate, was but a technical "misnomer" in pleading, the court wrote:

> Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates *as a sole defendant* one who died after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and [the] complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A).

(Emphasis added.)

{¶ 14} Although *Baker* involved a deceased defendant, appellants argue that no reason exists to distinguish between a deceased defendant and a deceased plaintiff as in this case. We disagree. The Ohio Supreme Court's reasoning in *Baker* was premised on pleading technicalities as to the proper naming of a defendant. What is at issue in this case, however, is the legal authority to commence a lawsuit in the first instance.

{¶ 15} It is well settled that the death of a ward terminates all powers of the guardian. *Simpson v. Holmes* (1922), 106 Ohio St. 437, 140 N.E. 395, paragraph one of the syllabus; *Sommers v. Boyd* (1891), 48 Ohio St. 648, 29 N.E. 497, paragraph one of the syllabus. Ethel Christian's death ended the guardianship and, along with it, any authority on the part of Marcella Christian to commence an action on behalf of her ward. This is no pleading technicality but, rather, a question of legal authority on the part of one person to act for another. For example, no one would seriously contend that a fiduciary, with knowledge of her ward's death, could bind the ward to a contract. We believe the same principle applies here.[4]

{¶ 16} Our colleagues in the Fifth District have also distinguished *Baker* and held that it does not apply to deceased plaintiffs. See *Simms v. Alliance Community Hosp.*, Stark App. No. 2007–CA–00225, 2008-Ohio-847, 2008 WL

---

4. Ethel Christian died more than two months before case No. 05PI309 was filed. In their brief, appellants admit that the "surviving family members simply did not appreciate the legal significance of Mrs. Christian's passing" and, thus, did not notify counsel for several months.

555362, ¶ 22. The Third District Court of Appeals, although not expressly limiting the scope of the *Baker* case, also recently opined that a lawsuit filed on behalf of a deceased plaintiff is a "nullity." See, e.g., *Estate of Newland v. St. Rita's Med. Ctr.*, Allen App. No. 1–07–53, 2008-Ohio-1342, 2008 WL 755308, ¶ 22.

{¶ 17} For these reasons, we likewise decline to extend Baker to deceased plaintiffs. Thus, we affirm the trial court's decision that the action commenced by the guardian, after her ward's death, is a nullity.

{¶ 18} Accordingly, appellant's first assignment of error is hereby overruled.

## II

{¶ 19} Appellants assert in their second assignment of error that the trial court also erred by determining that they could not maintain the suit individually pursuant to the "Nursing Home Patient Bill of Rights." We, however, readily conclude that the trial court reached the correct decision on this issue.

{¶ 20} Any nursing-home resident whose rights under the "Nursing Home Patient Bill of Rights" are violated has a cause of action against the home or any person responsible for that violation. R.C. 3721.17(I)(1)(a). That cause of action may be commenced by the resident, the resident's guardian, or a legally authorized representative of the resident's estate. Id. at (I)(1)(b). If these parties are *"unable to commence an action * * * on behalf of the resident,"* the statute provides a list of people (in descending priority) who are empowered to commence the action on the resident's behalf. (Emphasis added.) Id. The first person is the resident's spouse. The second is the resident's adult child. R.C. 3721.17(I)(1)(b)(ii).

{¶ 21} Here, is no question that Ethel Christian was unable to commence the action herself or that Marcella Christian was the adult daughter of Ethel Christian. As the trial court aptly noted, however, we find nothing in the record to show that appellants (the estate's duly appointed and legally authorized representatives) were unable to bring the action themselves.

{¶ 22} In *Treadway v. Free Pentecostal Pater Ave. Church of God, Inc.*, Butler App. No. CA2007–05–139, 2008-Ohio-1663, 2008 WL 921606, ¶ 18, the Twelfth District Court of Appeals applied the statute and affirmed the dismissal of a nursing-home resident's grandchildren for lack of standing, in part because they were not the legal representatives of the estate and nothing appeared in the record to show that the estate representatives were unable to act. In view of the plain language of the statute, and its application in *Treadway*, we conclude that the trial court properly rejected appellants' claim because no showing was made that the estate representatives were unable to commence the action rather than Marcella Christian.

{¶ 23} Appellants counter by citing cases that involve the ability of a "sponsor" to bring an action on behalf of a nursing-home resident. A "sponsor" is defined by R.C. 2721.10(D) as an adult relative of the resident. Thus, appellants conclude, Marcella Christian's suit was proper.

{¶ 24} The flaw in appellants' argument, however, is that the cited cases involve language in R.C. 3721.17 that has since been repealed. Prior to 2002, R.C. 3721.17(I)(1) allowed an action to be filed by the resident or her "sponsor." The "sponsor" provision was removed by H.B. No. 412, 2002 Ohio Laws 185, and, in its place were inserted the categories of people (i.e., a guardian, authorized representative of the estate, and a list of people who have authority if neither are able to act).

{¶ 25} We therefore agree with the trial court's disposition of appellants' claims under the "Nursing Home Patient Bill of Rights." Accordingly, we hereby overrule appellant's second assignment of error.

{¶ 26} Having considered all of the appellant's errors assigned and argued, and finding merit in none, we hereby affirm the trial court's judgment.

Judgment affirmed.

KLINE, P.J., dissents.

MCFARLAND, J., concurs.

KLINE, Presiding Judge, dissenting.

{¶ 27} I respectfully dissent for the following reasons.

{¶ 28} The relevant statute of limitations bars actions if a plaintiff has not commenced them within one year of the accrual of the action. See R.C. 2305.113; R.C. 2305.03. The word "commencement" is a defined term for the purposes of the statute of limitations. "An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." R.C. 2305.17. If the service is obtained within the required year, then the date of commencement is the date of filing. See *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 550, 575 N.E.2d 801 (considering Civ.R. 3(A), which imposes similar requirements for the commencement of an action, and concluding that "it is not necessary to obtain service upon a defendant within the limitations period").

{¶ 29} Here, it is uncontested that a complaint was filed, on behalf of the plaintiff, within the statute of limitations, and that service was obtained within a year. The requirements for commencement under R.C. 2305.17 are met, and there is no justification for a dismissal for failure to comply with the statute of

limitations. The only plausible objection, based on the statute's text, is that the plaintiff did not "[file] a petition in the office of the clerk of the proper court" within the meaning of the statute because the wrong representative party filed it. That is, the petition was not filed within the meaning of the statute because the guardian who brought the suit on behalf of the plaintiff was no longer empowered to act. However, the Supreme Court of Ohio has held that when a plaintiff files a suit against a deceased defendant, and the complaint fails to name the estate as the opposing party, an amendment to the complaint that fixes this error relates back to the initial filing, and the complaint serves to commence the action. *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, syllabus. And if under *Baker* a plaintiff has commenced an action where the service on the defendant is arguably defective, then I see no reason why the plaintiff has not commenced an action here. This is particularly true because the statute of limitations serves to safeguard the interests of defendants. Here, service was properly obtained; the only defect is in regard to the representative party that brought the action on behalf of the plaintiff. Under these circumstances, a plaintiff should be permitted to amend the complaint to remedy a defect in the representative party. See *Douglas v. Daniels Bros. Coal Co.* (1939), 135 Ohio St. 641, 647, 15 O.O. 12, 22 N.E.2d 195 (finding that a change in a nominal party relates back, and may be made even after the statute of limitations has run).

{¶ 30} The majority analogizes the issue of this case to the question of whether "a fiduciary, with knowledge of her ward's death, could bind the ward to a contract." I agree that in order for any representative to bind a principal to a contract, the formation of the contract must comply with the established requirements of the law of agency. However, unlike the contract issue, here the question is not whether the case, as originally filed, could have prevailed, but whether, as filed, the original suit served to "commence" an action within the meaning of the statute.

{¶ 31} The majority cites two court of appeals cases, and both of these cases rely upon *Levering v. Riverside Methodist Hosp.* (1981), 2 Ohio App.3d 157, 2 OBR 173, 441 N.E.2d 290, a Tenth District case. In that case, the plaintiff, while living, retained a lawyer to file an action against the defendant, but the plaintiff died before the lawyer filed the complaint. Id. at 158, 2 OBR 173, 441 N.E.2d 290. In *Levering*, the Tenth District Court of Appeals followed *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 7 O.O.3d 142, 372 N.E.2d 589, which was later expressly overruled in *Baker*, 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104. And the *Levering* court held: "A complaint for personal injury requires a plaintiff and a defendant. There was only a defendant; hence, the complaint was a nullity and not a pleading. Civ.R. 15, which pertains to amendments of pleadings, does not apply." *Levering*, 2 Ohio App.3d at 159, 2 OBR 173, 441 N.E.2d 290.

{¶ 32} This language that construes the initial complaint as a nullity has its basis in the now overruled *Barnhart v. Schultz*. See *Barnhart* 53 Ohio St.3d at 61, 7 O.O.3d 142, 372 N.E.2d 589. Under *Levering*, a complaint requires both a plaintiff and a defendant. But under *Baker*, 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, the Supreme Court of Ohio held that a complaint serves to commence an action even when the complaint names, as living, a now deceased defendant. Therefore, I see no reason to believe that a suit initiated by an erroneous representative plaintiff cannot serve to commence an action under *Baker*.

{¶ 33} Accordingly, for the foregoing reasons, I respectfully dissent.