WHITLEY ET AL., APPELLANTS, *v.* RIVER'S BEND HEALTH
CARE ET AL., APPELLEES.

[Cite as *Whitley v. River's Bend Health Care*,
126 Ohio St.3d 1217, 2010-Ohio-3269.]

*Appeal dismissed as improvidently accepted.*

(No. 2009-1484 — Submitted May 12, 2010 — Decided July 15, 2010.)

APPEAL from the Court of Appeals for Lawrence County, No. 08CA30,
183 Ohio App.3d 145, 2009-Ohio-3366.

_____

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs separately.

BROWN, C.J., and PFEIFER, J., dissent.

_____

**O'DONNELL, J., concurring.**

{¶ 2} I concur with the majority's decision to dismiss this appeal as having been improvidently accepted. However, I would include language in the judgment entry ordering that the opinion of the court of appeals may not be cited as authority except by the parties to this action.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

**BROWN, C.J., dissenting.**

{¶ 3} In my view, this court, having asserted jurisdiction over the case at bar, should decide its merits. I have considered the record, the merit briefs, and the oral arguments and have concluded that the trial court and the court of appeals

based their decisions on a legal premise that this court should disaffirm. I therefore dissent from the dismissal of the appeal as having been improvidently accepted.

{¶ 4} In this case, Marcella Christian had been appointed in West Virginia to serve as the guardian of her mother, Ethel Christian. On February 7, 2005, Ethel died. On April 15, 2005, and purportedly in her capacity as Ethel's guardian, Marcella filed a complaint against the defendants-appellees, River's Bend Health Care and River's Bend Health Care, L.L.C. ("River's Bend" or "defendants"), which operated a nursing home in South Point, Ohio. The complaint asserted tort claims against River's Bend based on Ethel's care during the period February 11, 2004, through April 25, 2004. The River's Bend defendants do not dispute that they were served process and answered the complaint.

{¶ 5} On June 8, 2005, upon motion of the coadministrators of Ethel's estate, the trial court substituted Ethel's estate as the named plaintiff.[1] On March 6, 2006, the plaintiff voluntarily dismissed all claims as authorized by Civ.R. 41(A). The defendants do not deny that they never objected at any time during the pendency of these proceedings to the court's substitution of Ethel's estate as the named plaintiff.

{¶ 6} On February 27, 2007, the coadministrators of Ethel's estate filed a new complaint asserting claims similar to those stated in the earlier complaint. They asserted that Ohio law permitted them to refile the action within one year of the voluntary dismissal of the first complaint — a reference to the saving statute, R.C. 2305.19.

---

1. The order of substitution stated, "For good cause shown, The Estate of Ethel V. Christian is granted leave to substitute itself for Ethel V. Christian, deceased, to become a Plaintiff" in the case. Two other daughters of Ethel, Marion C. Whitley and Patricia A. Mazella, had been appointed to serve as coadministrators of the estate.

**{¶ 7}** There is no dispute that as a matter of law, Marcella's status as a guardian terminated at the death of her mother and that the 2005 complaint was, when filed, defectively styled in identifying the plaintiff as "Ethel V. Christian, by and through her Conservator and Guardian, Marcella E. Christian." In granting summary judgment to River's Bend in the refiled action, however, the trial court reasoned that the 2005 complaint was a "nullity," rendering the saving statute unavailable to the estate.

**{¶ 8}** The court of appeals agreed in a split decision, accepting the premise that "the action commenced by the guardian, after her ward's death, is a nullity." *Whitley v. River's Bend Health Care,* 183 Ohio App.3d 145, 2009-Ohio-3366, 916 N.E.2d 515, ¶ 17. The majority determined that no civil action to which the saving statute could relate had been commenced before the statute of limitations expired on April 25, 2005.

**{¶ 9}** I reject the contention that a civil action was not commenced in 2005 because the original complaint incorrectly identified the plaintiff as Ethel Christian, by and through her former guardian, rather than the estate of Ethel Christian. Civ.R. 3(A) specifically provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year." Similarly, for purposes of the saving statute, "[a]n action is commenced * * * by filing a petition in the office of the clerk * * *, if service is obtained within one year." R.C. 2305.17. Here the River's Bend defendants do not deny that a complaint was filed in the common pleas court in 2005 and that service was obtained within one year thereafter. Accordingly, application of the express text of Civ.R. 3(A) and R.C. 2305.17 compels the conclusion that an action was commenced. It is a separate, legal question whether that action, having been commenced, was vulnerable to attack for having been brought by a person lacking the necessary capacity to prosecute the action.

{¶ 10} Civ.R. 17(A) provides: "Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶ 11} Adoption of the nullity theory is logically inconsistent with the express terms of Civ.R. 17(A). Here, had the Christian family neglected to substitute the estate as plaintiff, River's Bend could have objected to the prosecution of Ethel Christian's tort claims by her former guardian on the basis that the former guardian was not the "real party in interest." Had River's Bend objected, Civ.R. 17(A) would have precluded dismissal of the action until "a reasonable time [had] been allowed" to correct that error. Instead, counsel for the Christian family corrected the acknowledged pleading error, and the trial court substituted the estate of Ethel Christian as the plaintiff, apparently without objection by the defendants. Accordingly, the substitution by the trial court was fully consistent with the letter and the spirit of Civ.R. 17(A). Similarly, pursuant to Civ.R. 17(A), after the trial court's substitution of the estate as plaintiff, the action was thereafter to be considered "as if the action had been commenced in the name of the real party in interest."

{¶ 12} The trial court and the majority in the court of appeals accepted the premise that a complaint is a nullity if filed by a former guardian on behalf of a deceased person who possessed a cause of action, rather than by the personal representatives of the estate. The genesis of that premise in Ohio is *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 7 O.O.3d 142, 372 N.E.2d 589, which held that once the statute of limitations has expired, a plaintiff who has named a deceased person as sole defendant cannot amend the complaint to substitute the personal

4

representative of the deceased defendant, even if service on the representative was obtained within one year of filing the complaint.

{¶ 13} The *Barnhart* case, however, was expressly overruled in 1983. *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, syllabus. This court found it "preferable to overrule *Barnhart* outright than to nibble away for years at the overly technical and unnecessarily severe rule of law announced in that case." Id. at 129. In *Baker,* this court expressly rejected the nullity theory, holding that a plaintiff who improperly names in the complaint a deceased person as the sole defendant has, in fact, commenced an action pursuant to Civ.R. 3(A). In rejecting the nullity theory, the *Baker* court quoted with approval the appellate court's opinion in *Barnhart:*

{¶ 14} " 'The original complaint in this case, in our opinion, did not name the *wrong party* as a defendant. Rather, the correct party was designated, but the designation amounted to a *misnomer* in light of the fact that the named defendant was then deceased. The eventual substitution of the fiduciary of the alleged tortfeasor's estate was not a new cause of action and did not involve an entire change in any of the parties. On the contrary, the amendment simply substituted the legal successor of the decedent.' (Emphasis *sic*)." *Baker,* 4 Ohio St.3d at 128, 447 N.E.2d 104, fn. 3, quoting *Barnhart v. Schultz* (Jan. 26, 1977), Hamilton App. No. C-75377, 1977 WL 199632.

{¶ 15} The *Baker* court further observed that the substituted defendant had timely notice of the claim before the statute of limitations had expired and suffered no prejudice through her substitution as the personal representative of the decedent. Quoting *Hardesty v. Cabotage* (1982), 1 Ohio St.3d 114, 117, 1 OBR 147, 438 N.E.2d 431, the *Baker* court noted, " 'Such a result comports with the purpose of the Civil Rules. "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, [63 O.O.2d 262, 269], 297 N.E.2d 113. Decisions on the

merits should not be avoided on the basis of mere technicalities; pleading is not " 'a game of skill in which one misstep by counsel may be decisive to the outcome[;] * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson* [1957], 355 U.S. 41, 48 [78 S.Ct. 99, 2 L.Ed.2d 80]." *Forman* [sic, *Foman*] *v. Davis* (1962), 371 U.S. 178, 181-182 [83 S.Ct. 227, 9 L.Ed.2d 222].' "

{¶ 16} In my view, the substitution of the estate of Ethel Christian in the 2005 proceedings was appropriate and consistent with the express authority provided by the Civil Rules and with this court's legal analysis in *Baker*. Moreover, the Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). In interpreting the rules, this court should place emphasis upon "liberal construction rather than upon technical interpretation." 1970 Staff Notes, Civ.R. 1(B).. See also *Peterson v. Teodosio*, 34 Ohio St.2d at 175, 63 O.O.2d 262, 297 N.E.2d 113; *Patterson v. V&M Auto Body* (1992), 63 Ohio St.3d 573, 577, 589 N.E.2d 1306; *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, at ¶ 21.

{¶ 17} Since the 1983 *Baker* case, a plaintiff in Ohio may amend a complaint to substitute an estate as the named defendant in the place of the deceased original defendant. I see no logical impediment to extending the reasoning of *Baker* to the factual circumstances at issue here, i.e., where the complaint improperly names as plaintiff a former guardian instead of correctly naming as plaintiff the formal representatives of the decedent's estate.

{¶ 18} Under the nullity theory adopted by the majority of the court of appeals and contrary to the express language of Civ.R. 17, when a putative legal representative lacks legal capacity to act on behalf of the plaintiff's estate in filing a complaint, a trial court would lack authority to allow the amendment of pleadings and the substitution of a correct party—there being no legally

recognizable complaint and no pending legal action, there would be no complaint that could be amended nor any action in which parties could be substituted. Presumably, the only remedy to correct the initial pleading error would be the filing of a separate, new complaint and the commencement of a new action. That result is inconsistent with the spirit of the Civil Rules.

{¶ 19} Moreover, if a nullity analysis is accepted, a defendant could preserve the defense of lack of capacity to prosecute claims without specifically pleading it, as illustrated by the result reached by the trial court and the court of appeals in this case. That result directly contradicts the express language of Civ.R. 9(A), which states, "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment * * *."  In addition, the logical extension of the nullity theory would permit a defendant to participate in "null" proceedings after the filing of a defectively styled complaint and thereafter collaterally attack a resulting judgment. None of these possible consequences is consistent with the "expeditious administration of justice" that the Civil Rules were adopted to ensure.

{¶ 20} This court should therefore expressly disapprove the application of a nullity theory in factual circumstances such as those presented here.  Should the nullity theory remain viable,[2] unfortunate and unintended consequences will likely occur in future cases.  Accordingly, I dissent.

PFEIFER, J., concurs in the foregoing opinion.

————————————————

2.  Both the Third and the Fifth Appellate Districts have, in my view improperly, sanctioned application of the nullity theory. *Estate of Newland v. St. Rita's Med. Ctr.,* Allen App. No. 1-07-53, 2008-Ohio-1342, at ¶ 22; *Simms v. Alliance Community Hosp.,* Stark App. No. 2007-CA-00225, 2008-Ohio-847, at ¶ 22.  Therefore, even if this court forbids citation of the opinion of the Fourth District in the case at bar as authority in other cases, the doctrine may well continue to be raised in future Ohio cases.

Elk & Elk Co., Ltd., Peter D. Traska, and Phillip A. Kuri, for appellants.

Buckingham, Doolittle & Burroughs, L.L.P., and Timothy A. Spirko, for appellees.

Giorgianni Law, L.L.C., and Paul Giorgianni; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging reversal for amicus curiae, Ohio Association for Justice.

_____