[Cite as *Bruce v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-8132.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darrell W. Bruce, | : | |
| Plaintiff-Appellant, | : | No. 16AP-310 |
| | | (Ct. of Cl. No. 2015-00917) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

D E C I S I O N

Rendered on December 13, 2016

---

**On brief:** *Darrell W. Bruce*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee.

---

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Darrell W. Bruce, plaintiff-appellant, appeals from a judgment of the Court of Claims of Ohio in which that court granted the motion to dismiss filed by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant is an inmate in the custody of ODRC at the Toledo Correctional Institution. Appellant alleges that, on August 23, 2012, the door to his housing unit closed on him when he was returning to the unit. The door was being operated by Correctional Officer Hampton. The door eventually opened, and appellant fell to the ground. Appellant alleged that he suffered injuries to his back, neck, shoulder, and knee as a result of the incident. Appellant also alleged that, on August 31, 2012, Hampton again shut the door on

him. Appellant also described several other incidents of the same nature involving Hampton, during which he narrowly escaped being struck by the door. Appellant filed informal complaints and grievances with ODRC in an attempt to resolve the problem. He was prescribed "Zorloft" and Elavil from September to November 2012 to treat his injuries stemming from the incidents.

{¶ 3} On October 26, 2015, appellant filed a complaint against ODRC in the Court of Claims, alleging negligence and cruel and unusual punishment based on the above incidents.

{¶ 4} On December 31, 2015, ODRC filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6), asserting the Court of Claims lacked jurisdiction to consider appellant's constitutional violations, and his negligence claim was barred by the two-year statute of limitations. On January 19, 2016, appellant filed a motion for leave to file an untimely complaint pursuant to Civ.R. 6(B)(2).

{¶ 5} On March 23, 2016, the Court of Claims issued an entry of dismissal, in which it granted ODRC's motion to dismiss. The Court of Claims found that it lacked subject-matter jurisdiction over appellant's alleged constitutional violations, and appellant's negligence claim was barred by the two-year statute of limitations, as he was injured in August 2012 but did not file his complaint until October 26, 2015. The Court of Claims also denied appellant's request to grant him leave to file an untimely complaint in which he sought to toll the statute of limitations based on his short term memory loss due to his use of prescription drugs from September through November 2012. The Court of Claims found that even accepting these allegations as true, and tolling the statute of limitations during such period, his complaint was still filed long after the two-year statute of limitations had expired. Appellant appeals the judgment of the Court of Claims, asserting the following assignments of error:

> [I.] THE COURT OF CLAIMS ERRORED BY DISMISSING PLAINTIFF['S] COMPLAINT WHEN PLAINTIFF PRODUCED "EXCUSABLE NEGLECT."
>
> [II.] THE COURT OF CLAIMS ERRORED BY DISMISSING PLAINTIFF['S] COMPLAINT WITHOU[T] APPLYING "PRO-SE" STATUS TO PLAINTIFF['S] COMPLAINT.

**[III.] THE COURT OF CLAIMS ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF['S] COMPLAINT WITHOUT APPLYING "SPECIAL CIRCUMSTANCES" TO PLAINTIFF.**

{¶ 6} Appellant argues in his assignments of error that the Court of Claims erred when it dismissed his action pursuant to Civ.R. 12(B)(1) and (6). In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. However, in making a determination regarding subject-matter jurisdiction, "[t]he trial court is not confined to the allegations of the complaint," and "it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Id.*, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

{¶ 7} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 12. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6)

under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

{¶ 8}   In the present case, appellant argues in his first assignment of error that the trial court erred when it dismissed his complaint when he demonstrated excusable neglect for failing to file it within the two-year statute of limitations included in R.C. 2743.16(A). In support, appellant cites Civ.R. 6(B)(2), which provides, in pertinent part:

> [T]he court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

{¶ 9}   Whether the excusable neglect standard has been satisfied is based on the particular facts and circumstances of each case. *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988). "It must appear from the record that the successfully moving party made a showing of excusable neglect sufficient to support the trial court's finding to that effect." *Id.* (finding excusable neglect in failing to reply to a counterclaim until four years after it was due). The trial court must take into account the surrounding facts and circumstances in assessing whether neglect was excusable. *Id.* The trial court's determination of excusable neglect should not be disturbed on appeal unless an abuse of discretion is shown. *Id.* "[T]he inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc., v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976).

{¶ 10} In his "MOTION FOR LEAVE TO FILE UNTIMELY COMPLAINT PURSUANT TO CIVIL R. (6)(B)(2)," appellant claims he was prescribed medication after the above incidents that caused him to lose track of time and space. In his complaint, appellant asserts he was given "Zorloft" in September 2012 in addition to his current medication Elavil. He claimed that, due to the two medications he was prescribed, he could not properly function, could not walk, could not remember where he put things, had to be reminded what he was doing, and became irritable. He indicated that once he stopped taking "Zorloft" in November 2012, he started acting normally again.

{¶ 11} Given the above assertions, we cannot find the Court of Claims erred when it denied appellant's request to file an untimely complaint. Appellant indicated that he

started feeling normal as of November 2012 when he was taken off "Zorloft." Appellant failed to explain why he did not file his complaint for nearly three years after he was taken off "Zorloft." Therefore, the trial court did not err when it dismissed appellant's complaint because it was filed beyond the two-year statute of limitations, and we overrule appellant's first assignment of error.

{¶ 12} Appellant argues in his second assignment of error that the Court of Claims erred when it dismissed his complaint without applying pro se status to his complaint. However, Ohio courts presume that pro se litigants have knowledge of the law and legal procedures, and generally hold pro se litigants to the same standard as represented litigants. *Collins v. Ohio Adult Parole Auth.*, 10th Dist. No. 02AP-1161, 2003-Ohio-2952, ¶ 28. As this court has noted, "[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." (Citations omitted.) *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 21. Consequently, a pro se litigant "cannot expect or demand special treatment." *Kessler v. Kessler*, 10th Dist. No. 09AP-740, 2010-Ohio-2369, ¶ 8. In the present case, appellant fails to explain why he should be granted an exception to this general rule and be allowed to file an untimely complaint because he was unrepresented. For these reasons, appellant's argument is without merit, and we overrule his second assignment of error.

{¶ 13} Appellant argues in his third assignment of error that the trial court abused its discretion when it dismissed his complaint without applying "special circumstances" to him. In his appellate brief, appellant claims that many courts have allowed unusual or special circumstances that justified the neglect of the party. Although not explicit, appellant seems to suggest that the special circumstances here were that appellant was over medicated. We first note that appellant failed to raise this argument in the Court of Claims and, thus, waived it. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (a party who fails to raise an argument in the trial court waives his or her right to raise that argument on appeal). Nevertheless, we have already addressed appellant's alleged argument that he was over medicated as it applies to his untimely filing in overruling his first assignment of error. Appellant fails to cite any legal authority for his argument and fails to further cite any special circumstances that would have

required the Court of Claims to allow his late filing. For these reasons, appellant's argument is without merit, and his third assignment of error is overruled.

{¶ 14} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and TYACK, J., concur.

_____