[Cite as *Greenberg v. Heyman-Silbiger*, 2017-Ohio-515.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Amy and Josh Greenberg, | : | |
| Co-Guardians of the Person and Estate of Lawrence D. Schaffer et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | |
| v. | | No. 16AP-283 |
| | : | (C.P.C. No. 15CVH-09-8335) |
| Sherri R. Heyman-Silbiger, Executor of The Estate of Brian L. Heyman et al. | : | (REGULAR CALENDAR) |
| | | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 14, 2017

**On brief:** *Giorgianni Law LLC,* and *Paul Giorgianni*, for appellants. **Argued:** *Paul Giorgianni*.

**On brief:** *Reminger Co., L.P.A., D. Patrick Kasson* and *Acacia M. Perko*, for appellees. **Argued:** *D. Patrick Kasson.*

APPEAL from Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Plaintiffs-appellants, Josh and Amy Greenberg, as Co-Guardians of the Person and Estate of Lawrence D. Schaffer, appeal from the April 8, 2016 decision and entry granting defendants-appellees, Sherri R. Heyman-Silbiger, Executor of the Estate of Brian L. Heyman, and Trustee of the Brian L. Heyman Trust's, motion to dismiss the first amended complaint for lack of subject-matter jurisdiction, motion for summary judgment, and the decision denying the motion for substitution of parties. For the reasons that follow, we affirm the judgment of the court of common pleas.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}  Josh and Amy Greenberg were the guardians of the person and the estate of Lawrence D. Schaffer.  Plaintiff, Rybac, Inc., is an Ohio corporation owned by Schaffer and a named plaintiff in the original and amended complaint.  Rybac, Inc. is not pursuing an appeal in this action.

{¶ 3}  Schaffer and Brian L. Heyman had, over a period of years, a personal and business relationship.  Schaffer loaned funds to Heyman pursuant to an oral contract, and Heyman allegedly failed to repay those funds.  Heyman died on February 8, 2015.  An estate was opened in Cuyahoga County on April 28, 2015, with Sherri Heyman-Silbiger as executor.  On July 13, 2015, the Greenbergs, as Schaffer's guardians, presented a claim against the Heyman estate for $1,000,000.  On July 23, 2015, the Greenbergs received notice that the claim had been disallowed.  Rybac, Inc. did not present a claim against Heyman's estate at any time.

{¶ 4}  Approximately two months later, on September 20, 2015, Schaffer died.  The day after Schaffer died, on September 21, 2015, the Greenbergs filed the original complaint in this case as "CO-Guardians of the Person and Estate of Lawrence D. Schaffer."  The complaint alleged breach of an oral agreement to repay funds, fraud in the inducement, unjust enrichment, conversion of funds from Rybac, Inc., and fraud.

{¶ 5}  On September 22, 2015, the day after filing the complaint in this case, the Greenbergs, as guardians for Schaffer, filed a suggestion of death of their ward, Lawrence D. Schaffer, in an unrelated case.  (Nov. 9, 2015 Affidavit of Adam Fried, Ex. A.)  No suggestion of death was filed in the instant case.

{¶ 6}  On September 23, 2015, two days after the complaint was filed, the two-month statute of limitations on rejected claims against the Heyman estate expired pursuant to R.C. 2117.12.

{¶ 7}  An estate was opened for Schaffer in the Franklin County Probate Court on October 1, 2015.  Josh Greenberg was appointed fiduciary of the estate.

{¶ 8}  On October 23, 2015, the Greenbergs, again acting only as Schaffer's guardians, filed an amended complaint in this case adding a claim for elder abuse, but, in all other respects, the amended complaint appeared to be the same as the first complaint.

{¶ 9}   On November 9, 2015, Silbiger filed a combined motion to dismiss the first amended complaint, pursuant to Civ.R. 12(B)(1), and a motion for summary judgment pursuant to Civ.R. 56(C).  Silbiger argued that the Greenbergs had no legal authority to commence an action on behalf of their ward Schaffer because Schaffer died prior to the filing of the complaint.  Silbiger argued that the death of the ward terminated the guardianship and the powers of the guardian to act on behalf of the ward, and therefore the complaint filed by the Greenbergs as guardians was a nullity.  Furthermore, Silbiger claimed that the personal representative of Schaffer's estate failed to commence an action before the limitations period expired.  Thus, Silbiger argued that any claim attributable to Schaffer was time-barred by application of R.C. 2117.12, the two-month statute of limitations for filing a claim against an estate.

{¶ 10} On November 24, 2015, Josh Greenberg, now the executor of the estate of Lawrence D. Schaffer, moved, under Civ.R. 25(A)(1), to substitute the estate of Schaffer, as the correct party plaintiff in place of Amy and Josh Greenberg, Co-Guardians in the case.[1]   The Greenbergs responded to the motion to dismiss/motion for summary judgment by arguing that the situation was akin to a misnomer of a party in the caption of the complaint rather than a case where a previously unknown claim was raised for the first time by filing suit in the name of a deceased person.  The Greenbergs argued that prior to his death, Schaffer was, in essence, a party to the ongoing claim against Heyman's estate and therefore the instant case was not a new action raising an unknown claim in the name of a deceased person.

{¶ 11} Silbiger responded that Civ.R. 25(A) only applies if a party dies.  Since Schaffer was never a party to the instant action because he was deceased at the time the complaint was filed, Silbiger argued that Civ.R. 25(A)(1) could not be used.  Silbiger asserted they would be prejudiced by any late substitution because allowing such substitution would interfere with the timely administration of the Heyman estate.

{¶ 12} The Greenbergs then responded that it was not possible for the Schaffer estate to be opened within the narrow timeframe in this case and that the Greenbergs

---

[1] The Greenbergs argue on appeal that Civ.R. 17(A) applies, but in their response to the motion to dismiss/motion for summary judgment, Civ.R. 17 was not mentioned.

were acting on behalf of Schaffer to preserve the claim that was filed and rejected in the Cuyahoga County Probate Court.

{¶ 13} Here, the trial court first examined Rybac, Inc.'s claims and found them to be time-barred because Rybac, Inc. did not present a claim against the Heyman estate within six months of the death of Heyman pursuant to R.C. 2117.06(B).

{¶ 14} The trial court then determined that Schaffer's death terminated the guardianship and, along with it, any power of the Greenbergs to commence an action on his behalf. The trial court cited *Whitley v. River's Bend Health Care*, 183 Ohio App.3d 145, 2009-Ohio-3366 (4th Dist.) ("*Whitley I*"), for the proposition that "[t]his is no pleading technicality but, rather, a question of legal authority on the part of one person to act for another." *Id.* at ¶ 15. The trial court, relying on *Whitley I* and *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 159 (10th Dist.1981), found that the complaint—filed by the guardians after the death of their ward—was a legal nullity, and not a pleading.

{¶ 15} The trial court rejected the argument that the complaint could be rescued by substitution of the executor of the estate pursuant to Civ.R. 25(A). Relying on *Levering*, the trial court reasoned that Civ.R. 25(A) only allowed substitution upon death if a party dies. Since Schaffer was already deceased prior to the filing of the complaint, the trial court concluded there was no party-plaintiff from the inception, and therefore Civ.R. 25(A) did not apply. The trial court denied the motion for substitution of parties. The trial court then reasoned that R.C. 2117.12, the two-month statute of limitations for commencing an action on a rejected claim, barred any further attempt to commence an action regarding Schaffer's claim against the Heyman estate.

{¶ 16} The trial court recognized that the result was harsh but determined that it was bound by the letter of the law, and it could not exercise jurisdiction over a legal nullity. The trial court found that any further attempt to commence an action against the Heyman estate on claims previously rejected by the estate was statutorily time-barred. Accordingly, the trial court granted the combined motion to dismiss and motion for summary judgment.

{¶ 17} This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 18} On appeal, the Greenbergs assign the following as error:

> 1. The court erred by overruling the November 24, 2015 Motion for Substitution of Parties.
>
> 2. With respect to the survivorship claims of the deceased ward Lawrence Schaffer, the court erred by granting summary judgment under Civil Rule 56 and/or dismissing the claims under Civil Rule 12(B)(1).

## III. STANDARD OF REVIEW

{¶ 19} This case comes to us by way of a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Civ.R. 12(B)(1), and a motion for summary judgment pursuant to Civ.R. 56. Appellate courts review both of these judgments de novo. *Bruce v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-310, 2016-Ohio-8132, ¶ 6 (Civ.R. 12(B)(1) motion); *Williams v. Columbus*, 10th Dist. No. 16AP-269, 2016-Ohio-7969, ¶ 10 (summary judgment).

{¶ 20} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal, pursuant to Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. *PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21.

{¶ 21} Here, defendants are not challenging the subject-matter jurisdiction of the court of common pleas, but, rather, are inquiring into the Greenbergs' ability to invoke the trial court's jurisdiction over this particular case. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18, 22 (distinguishing between different concepts of the term "jurisdiction"). A lack of standing vitiates the party's ability to invoke the jurisdiction of a court, even a court of competent subject-matter jurisdiction. *Id.* However, standing and capacity to sue do not challenge the subject-matter jurisdiction of the court. *PNC Bank* at ¶ 22. Thus, the Greenbergs' alleged lack of standing is not a matter subject to a motion for dismissal pursuant to Civ.R. 12(B)(1). *Id.*

{¶ 22} Therefore, we shall proceed to address the parties' arguments under the summary judgment standard of review. When we review a trial court's decision on a motion for summary judgment, we apply the same standard as the trial court and conduct

an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992). We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 23} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 24} With these standards in mind, we turn to the parties' arguments.

## IV. ANALYSIS

{¶ 25} In their first assignment of error, the Greenbergs argue the trial court erred in overruling their November 24, 2015 motion for substitution of parties. That motion was filed by the Greenbergs pursuant to Civ.R. 25(A)(1). That rule provides that "[i]f a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." The Greenbergs sought to substitute the estate of Schaffer as the correct party-plaintiff, and Josh Greenberg as the executor authorized to file suit on behalf of the estate.

{¶ 26} In *Levering*, counsel filed a complaint for a plaintiff who, unbeknownst to counsel, had died more than six months earlier. This court held that Civ.R. 25(A)(1) is not applicable when the plaintiff dies prior to the filing of the complaint because the action is a nullity and cannot be lawfully commenced under Civ.R. 3(A). *Id.* at 159. In deciding *Levering*, this court relied in part on *Barnhart v. Schultz*, 53 Ohio St.2d 59 (1978) ("one deceased cannot be a party to an action" and "and a suit brought against a dead person is a nullity"), which was subsequently overruled by *Baker v. McKnight*, 4 Ohio St.3d 125

(1983), thus calling into question the current validity of the "nullity" theory as well as whether *Levering* continues to be good law.

{¶ 27} *Barnhart* was a motor vehicle accident case in which the defendant died before the plaintiffs filed the complaint. The plaintiffs filed an amended complaint naming the probate estate fiduciary as defendant, but only after the limitations period expired. The Supreme Court of Ohio upheld a statute of limitations defense, holding that the original complaint was a nullity because there was no defendant.

{¶ 28} In *Baker*, the Supreme Court of Ohio reversed course and specifically overruled *Barnhart*. The *Baker* syllabus provides:

> Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A). (Barnhart v. Schultz, 53 Ohio St.2d 59 [7 O.O.3d 142], overruled.)

{¶ 29} *Barnhart* and *Baker* involved deceased defendants, but *Levering* involved a deceased plaintiff. This distinction did not affect this court's analysis in *Levering*, with the court stating:

> Plaintiff seeks to distinguish Barnhart on the basis that Barnhart involved a deceased defendant and this case involves a deceased plaintiff. However, that distinction is without merit. The complaint filed in Barnhart was a nullity because there was no party-defendant, the named defendant having been deceased prior to the filing of the complaint. Similarly, the complaint in this case was a nullity because there was no party-plaintiff, the named plaintiff having been deceased prior to the filing of the complaint.

*Levering* at 159.

{¶ 30} However, in *Simms v. Alliance Community Hosp.*, 5th Dist. No. 2007-CA-225, 2008-Ohio-847, the court did distinguish between deceased plaintiffs and deceased

defendants. The court noted that *Barnhart* had been overruled by *Baker*, but nevertheless agreed with the reasoning of *Levering* that if a *plaintiff* is deceased at the time the complaint is filed, the complaint is still a nullity. *Simms* at ¶ 22. This question has not been definitively resolved by the Supreme Court, but we do note that with respect to plaintiffs, "a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. We shall discuss the issue of standing in more detail with respect to the second assignment of error.

{¶ 31} Picking up on certain language in *Baker*, the Greenbergs argued before the trial court that the situation in their case is more of a pleading technicality akin to misnomer of a party in that the complaint designated Schaffer as the correct party who had a claim against the Heyman estate, but in light of the fact that Schaffer was deceased at the time of the filing of the complaint, the complaint should be amended under Civ.R. 25(A) to substitute the legal successor of the decedent.

{¶ 32} However, the Greenbergs cannot escape the fact that Schaffer was never a live party when the action was initiated, and therefore Civ.R. 25(A) cannot operate to allow substitution.

{¶ 33} On appeal, the Greenbergs have abandoned the argument that substitution should be made pursuant to Civ.R. 25(A), and instead have advanced for the first time the argument that under Civ.R. 21, 17(A), and 15(C), the trial court should have substituted the Schaffer estate as the real party in interest with the substitution relating back, pursuant to Civ.R 15(C) to the timely filing of the original complaint. However, the Greenbergs never requested any substitution pursuant to Civ.R. 17 before the trial court. Instead, they filed an amended complaint approximately one month later with the same caption, and did not notify the trial court that their ward had died. Only after Silbiger filed a motion to dismiss/motion for summary judgment attacking the legal authority of the Greenbergs to file suit on behalf of Schaffer, did the Greenbergs attempt to substitute the estate of Schaffer as the correct party plaintiff.

{¶ 34} Since the Greenbergs have not argued that the trial court should have applied Civ.R. 25(A) to substitute Schaffer's estate in place of the Greenbergs as co-

guardians, we find the trial court did not err by overruling the November 24, 2015 motion for substitution of parties pursuant to Civ.R. 25.

{¶ 35} Accordingly, we overrule the first assignment of error.

{¶ 36} In their second assignment of error, the Greenbergs argue the trial court erred in granting summary judgment on the survivorship claims of the deceased ward, Schaffer. Under this assignment of error, the Greenbergs raise several arguments. First, as mentioned previously, they claim for the first time on appeal that Civ.R. 21, 17(A), and 15(C), empower the trial court to substitute the estate of Lawrence Schaffer as party-plaintiff. The Greenbergs also claim that *Whitley I* has zero value as precedent.

## V. *WHITLEY I v. RIVER'S BEND HEALTH CARE*

{¶ 37} There is apparently only one Ohio state court decision ruling that a complaint filed by a guardian on behalf of a ward after the ward dies is a legal nullity. The defendants and the trial court relied heavily on *Whitley I*, a Fourth District case decided in 2009. However, the subsequent history of *Whitley I* raises a question as to its continued validity.

{¶ 38} In *Whitley I*, Marcella Christian had been appointed guardian of her mother, Ethel Christian. Ethel died on February 7, 2005 and on April 15, 2005, in her capacity as guardian, Marcella filed a complaint against Ethel's nursing home, River's Bend Health Care, alleging tort claims based on the care Ethel received there.

{¶ 39} In June 2005, on motion of the co-administrators of Ethel's estate, the trial court substituted Ethel's estate as the named plaintiff. After a voluntary dismissal and refiling of the action, the trial court granted summary judgment in favor of River's Bend based on a failure to file an action to which the saving statute could be applied before the one-year statute of limitations expired.

{¶ 40} The Fourth District Court of Appeals affirmed in a split decision, finding that the death of the ward terminated the powers of the guardian. *Id.* at ¶ 15, citing *Simpson v. Holmes*, 106 Ohio St. 437 (1922). The court then held that the action commenced by the guardian after her ward's death was a nullity, the legal authority to commence a suit is more than a pleading technicality, and the refiled action could not relate back to an action that was a nullity. *Whitley* I at ¶ 14-17.

{¶ 41} On appeal to the Supreme Court, the court first voted 5-2 to hear the appeal, *Whitley v. River's Bend Health* Care, 123 Ohio St.3d 1493, 2009-Ohio-6015 ("*Whitley II*"), then voted to dismiss the appeal as improvidently granted. *Whitley v. River's Bend Health Care*, 126 Ohio St.3d 1217, 2010-Ohio-3269 ("*Whitley III*"). Chief Justice Brown dissented from the decision to dismiss the appeal, writing a full analysis of the case, and setting forth why he believed *Whitley I* was wrongly decided by the court of appeals.

{¶ 42} Chief Justice Brown wrote in pertinent part:

> There is no dispute that as a matter of law, Marcella's status as a guardian terminated at the death of her mother and that the 2005 complaint was, when filed, defectively styled in identifying the plaintiff as "Ethel V. Christian, by and through her Conservator and Guardian, Marcella E. Christian."

*Whitley III* at ¶ 7.

{¶ 43} The Chief Justice then went on to reject the nullity theory, saying that:

> I reject the contention that a civil action was not commenced in 2005 because the original complaint incorrectly identified the plaintiff as Ethel Christian, by and through her former guardian, rather than the estate of Ethel Christian. Civ.R. 3(A) specifically provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year." Similarly, for purposes of the saving statute, "[a]n action is commenced * * * by filing a petition in the office of the clerk * * *, if service is obtained within one year." R.C. 2305.17. Here the River's Bend defendants do not deny that a complaint was filed in the common pleas court in 2005 and that service was obtained within one year thereafter. Accordingly, application of the express text of Civ.R. 3(A) and R.C. 2305.17 compels the conclusion that an action was commenced. It is a separate, legal question whether that action, having been commenced, was vulnerable to attack for having been brought by a person lacking the necessary capacity to prosecute the action.

*Whitley III* at ¶ 9.

{¶ 44} Chief Justice Brown then explained that the nullity theory was logically inconsistent with Civ.R. 17(A), that provides as follows:

> **Real party in interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶ 45} The Chief Justice saw no reason not to extend the reasoning of *Baker* to deceased plaintiffs and to allow substitution of the estate as the named plaintiff when the complaint improperly named as plaintiff a former guardian instead of the formal representative of the decedent's estate. *Whitley III* at ¶ 17. Another justice concurred in the dissent, and two other justices indicated they would include language that the court of appeals decision should not be cited as authority except by the parties to the action. *Id.* at ¶ 2, 20.

{¶ 46} *Whitley I* stands for the proposition that a complaint filed by a guardian on behalf of a ward after the ward dies is a legal nullity. In light of its subsequent appellate history, as well as the Supreme Court's decision in *Baker,* the continued validity of *Whitley I* and *Levering* as support for the nullity theory is questionable.

{¶ 47} We agree with the reasoning of Chief Justice Brown and the court of appeals in *Whitley III* that as a matter of law, the Greenbergs' status as guardians terminated at the death of Schaffer, and the complaint, when filed, was defectively styled in identifying the plaintiff as "Amy and Josh Greenberg, Co-Guardians of the Person and Estate of Lawrence D. Schaffer," rather than the estate of Schaffer.

{¶ 48} We recognize that there may be some merit to the Greenbergs' argument that the issue is one of capacity to sue, and note that capacity is an issue which must be timely raised by the defendant or is waived. *Mikolay v. Transcon Builders, Inc.*, 8th Dist.

No. 42047 (Jan. 22, 1981).  However, Civ.R. 17(A) has no applicability unless the plaintiff has standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter. *Franzese v. Falcon*, 11th Dist. No. 7-071 (Nov. 19, 1979), citing *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176 (1973).

{¶ 49} In addition, the Greenbergs failed to preserve this issue on appeal because they failed to raise the issue before the trial court.  We therefore reject the argument being raised for the first time on appeal, that the correct party be substituted pursuant to Civ.R. 17(A).  Because this argument was not raised below, it is waived.

{¶ 50} A party who fails to raise an argument in the trial court waives the right to raise it on appeal.  *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-258, 2013-Ohio-4885, ¶ 43, citing *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34.  "A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention." *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.*, 91 Ohio App.3d 76, 80 (9th Dist.1993).  "A party waives 'the right to appeal [an] issue that was in existence prior to or at [the] time of trial if that party did not raise [the] issue at the appropriate time in [the] court below.' " *Kimberly Entertainment Corp. v. Liquor Control Comm.*, 10th Dist. No. 96APE05-581 (Nov. 26, 1996), quoting *Little Forest Med. Ctr.* at 80.

{¶ 51} In addition to arguing that the Greenbergs have waived the argument of lack of capacity to sue that could be cured by substitution pursuant to Civ.R. 17(A), Silbiger also argues that at the time the Greenbergs filed suit, they lacked standing.

## VI. STANDING

{¶ 52} Silbiger argues that at the time Schaffer died, the representative of the estate was the only person authorized to file suit to assert Schaffer's claims.  In their argument to the trial court, Silbiger argued that the Greenbergs lacked the legal authority to file the complaint.  On appeal, they alter that argument slightly, arguing that not only was the complaint a nullity under *Levering* and *Whitley I*, but the Greenbergs also lacked standing pursuant to *Schwartzwald*.

{¶ 53} Silbiger argues that because of Schaffer's death, when the Greenbergs filed the complaint, they had no interest in the case as guardians on behalf of Schaffer, they lacked standing, and they were in no better position to file suit than a stranger to the action.

{¶ 54} In order to commence a lawsuit, a party must have both standing and the capacity to sue. *Eichenberger v. Woodlands Assisted Living Residence, LLC*, 10th Dist. No. 12AP-987, 2013-Ohio-4057, ¶ 14, citing *Mousa v. Mt. Carmel Health Sys.*, 10th Dist. No. 12AP-737, 2013-Ohio-2661, ¶ 12. Standing is to be determined at the commencement of suit. *Schwartzwald* at ¶ 24. In addition, the Supreme Court has held that standing is jurisdictional in nature, and therefore may be raised at any time. *Id.* at ¶ 22.

{¶ 55} While Schaffer was alive, his guardians were authorized to file suit on his behalf. But once he died, the executor of the estate, as legal representative, stands in the decedent's shoes and may ordinarily prosecute in his representative capacity any cause which his decedent could have instituted. *Dawson v. Ohio Dept. of Human Servs.*, 68 Ohio App.3d 262, 263 (1st Dist.1990).

{¶ 56} As discussed above, the Greenbergs' status as guardians terminated at the death of Schaffer. *Simpson*, supra. "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Dallman* at syllabus.

{¶ 57} Here, Schaffer's death carried the result that the Greenbergs lacked standing, and this lack of standing means that the Greenbergs were unable to present a justiciable controversy and invoke the jurisdiction of the court of common pleas. "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Civ.R. 17(A) does not change this principle, and a lack of standing at the outset of litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Schwartzwald* at ¶ 41.

{¶ 58} Because the Greenbergs lacked standing to commence the action once Schaffer died, the second assignment of error is overruled.

## VII. CONCLUSION

{¶ 59} Based on the foregoing, the Greenbergs' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

————————————————